UNITED STATES DISTRICT COURT
NORMAL DISTRICT OF OHIO
-------------------------------------------------------
                                                   :
UNITED STATES OF AMERICA,                          :
                                                   :    CASE NO. 1:05-cr-529
           Plaintiff,                              :
                                                   :
vs.                                                :    OPINION & ORDER
                                                   :    [Resolving Doc. No. 72.]
MAURICE THOMPSON,                                  :
                                                   :
           Defendant.                              :
                                                   :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Maurice Thompson moves this Court to modify or reduce his sentence saying that the Court incorrectly calculated his criminal history category. [Doc. 72 at 1.] The Government responds saying that Defendants' motion is a motion to correct or reduce a sentence under Federal Rule of Criminal Procedure 35(a). [Doc. 79 at 1.] Because Defendant's motion is untimely under Rule 35(a), this Court **DENIES** the motion for a correction in his sentence.

**I. Background Facts and Procedure**

On October 26, 2005, a grand jury returned a four count indictment against Defendant Thomas charging him with Possession with Intent to Distribute Cocaine Base, Aiding and Abetting, a Class B felony, 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; with Possession with Intent to Distribute Cocaine Base, Aiding and Abetting, a Class A felony, 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and being a Felon in Possession of a Firearm, a Class C felony, 18 U.S.C. §922(g). [Doc. 14-1.]

Case No. 1:05-cr-529
Gwin, J.

On December 14, 2005, Defendant Thomas pleaded guilty to the three counts. [Docs. 27, 31.] On March 8, 2006, this Court sentenced Defendant Thomas for a period of 100 months to be served concurrently with credit for time served and placed him on supervised release for a term of eight years. [Doc. 41.] At sentencing, Defendant Thomas did not make any objections to the presentence report. [Doc. 62 at 2.]

Defendant Thomas appealed the Court's sentence to the Sixth Circuit, [Doc. 47,] and on August 29, 2007, the Sixth Circuit affirmed this Court's sentence, [Doc. 62.] Around one year after the Sixth Circuit's affirming of this Court's sentence, on July 25, 2008, Defendant Thompson filed the present motion to correct or reduce his sentence. [Doc. 72.][1/]

Defendant moves this Court to correct his sentence saying that the Court improperly calculated his criminal history category by including two misdemeanors for which he says he served no time. [Doc. 72 at 1.] To support this argument, Defendant directs this Court to *United States v. Hall*, 531 F.3d 414, 420 (6th Cir. 2008), where the Sixth Circuit held that it was improper for the district court to count two misdemeanor convictions for which a defendant "did not actually serve any time." In *Hall*, the Court reasoned that the defendant had not served any time because the sentences imposed were for "time already served on prior unrelated convictions." *Id.* at 415.

Here, in calculating his criminal history, this Court counted two prior misdemeanor convictions of Defendant Thomas. On each of these prior offenses, Defendant Thomas was sentenced to one year in custody to run concurrently with the other offense and a separate federal drug offense.

---

[1/] Defendant Thomas separately filed a motion for retroactive application of the sentencing guidelines to crack cocaine offenses. [Doc. 76-1.] This Court granted that motion and reduced Defendant's sentence from 100 months to 76 months. [Doc. 78.]

Case No. 1:05-cr-529
Gwin, J.

Without conceding that the criminal history category was miscalculated, the Government responds that this Court should deny the motion as untimely. [Doc. 79.]

### II.  Analysis

Under Rule 35(a), "[w]ithin 7 days after sentencing, the court may correct a sentence that result from arithmetical, technical, or other clear error." FED. R. CRIM. P. 35(a). The Sixth Circuit has held "[t]he authority conferred by Rule 35(a) to a district court is extremely limited." *United States v. Arroyo*, 434 F.3d 835, 838 (6th Cir. 2006). There, in dicta, the Sixth Circuit noted that the 7-day time limit could be a "basis for reversal" of a lower court decision granting the Government's motion to correct a sentence. *Id.* at n.2.

Here, Defendant Thomas filed his motion to correct his sentence outside of Rule 35(a)'s 7-day time limit. This Court sentenced him on March 8, 2006 and Defendant Thomas did not file his motion until July 25, 2008. [Docs. 41, 72.] Accordingly, this Court holds that Defendant's motion is untimely.

### III.  Conclusion

Because the Defendant's motion is untimely under Rule 35(a), this Court **DENIES** the motion.

IT IS SO ORDERED.

Dated: August 14, 2009               s/     *James S. Gwin*
                                     JAMES S. GWIN
                                     UNITED  STATES  DISTRICT  JUDGE