UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                    :
UNITED STATES OF AMERICA,                           :
                                                    :        CASE NO. 1:05-cr-529
                         Plaintiff,                 :
                                                    :
vs.                                                 :        OPINION & ORDER
                                                    :        [Resolving Doc. No. 81]
MAURICE THOMPSON,                                   :
                                                    :
                         Defendant.                 :
                                                    :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

         Defendant Maurice Thompson moves this Court for a Writ of Audita Querela pursuant to the

All Writs Act, 28 U.S.C. § 1651.  [Doc. 81.]  For the following reasons, this Court **DENIES** the

Defendants' motion for the writ.

## I. Background & Procedural History

         On October 26, 2005, a grand jury indicted Defendant Thompson  on two counts of

possession with intent to distribute cocaine base and being a felon in possession of a firearm. [Doc.

14.]  On December 14, 2005, Thompson pled guilty to these three counts.  [Doc. 27.]  On March

8, 2006, this Court sentenced Thompson to 100 months imprisonment and eight years of supervised

release.  [Doc. 41.]  Defendant Thompson appealed his sentence to the Sixth Circuit, [Doc. 47], and

on August 29, 2007, the Sixth Circuit affirmed this Court's judgment.  [Doc. 61.]

         Approximately one year later, July 25, 2008, Thompson filed a motion to reduce his sentence.

Case No. 1:05-cr-529
Gwin, J.

[Doc. 72.]  In that motion, relying on *United States v. Hall*, 531 F.3d 414 (6th Cir. 2008), the Defendant argued that this Court improperly calculated his criminal history category by including two misdemeanors for which he says he served no time.  [Doc. 72 at 1.]  On July 14, 2009, this Court denied the motion, finding it untimely under Fed. R. Crim P. 35(a).[1/]  [Doc. 80.]

On July 31, 2009, the Defendant filed the instant motion under 28 U.S.C. § 1651, again asserting that this Court incorrectly calculated his criminal history category under *Hall*.  [Doc. 81.]  On November 30, 2009, the United States filed its response, asserting that Thompson's motion is in fact a barred, second 28 U.S.C. § 2255 motion.  [Doc. 82 at 4-5.]

## II. Analysis

As an initial matter, this Court doubts that the All Writs Act provides the Defendant an avenue to challenge his sentence in this case.  Regardless, this Court finds the Defendant's motion without merit.

In calculating Defendant Thompson's criminal history under the Sentencing Guidelines, this Court added four points based on two separate criminal sentences the Defendant had received on February 1, 2002, in the Cuyahoga County Court of Common Pleas.[2/]  In the first case (Common Pleas Case No. CR-00-392954), the Defendant received a one year sentence, to be served concurrently with the companion Ohio sentence and with a federal sentence he was then serving in

---

[1/]In the meantime, the Defendant filed a separate motion for retroactive application of the sentencing guidelines related to crack cocaine pursuant to 18 U.S.C. § 3582.  [Doc. 76.]  This Court granted the motion on July 8, 2009, reducing the Defendant's sentence on Counts 1 and 2 of the Indictment to 76 months each.  [Doc. 78.]

[2/]Although these sentences were imposed on the same date, the Defendant was arrested on separate dates for the two underlying offenses: March 15, 2000, and April 13, 2000, respectively.

Case No. 1:05-cr-529
Gwin, J.

U.S. District Court, Northern District of Ohio Case No. 1:00-cr-445.[3/]  In his second state case (Common Pleas Case No. CR-00-393626), the Defendant also received a one year sentence, to be served concurrently in the same fashion.

Defendant Thompson says that his state sentences were given "retroactive application," essentially that the court gave him credit for the time he had already served in federal prison.  [Doc. 81 at 4.]  Accordingly, the Defendant argues, "by the time petitioner was back in federal custody, the term(s) were complete.  In essence, the petitioner served no actual prison time for the two offenses in question." [Doc. 81 at 4.]

*United States v. Hall* does provide some support for the Defendant's argument.  In *Hall*, the Sixth Circuit held that a defendant's prior misdemeanor sentences could not be counted in calculating his criminal history points because he had received credit for time served that exceeded the actual term of imprisonment imposed.  531 F.3d at 420.  In that case, the defendant had been arrested in December 2001 for a probation violation. *Id.* at 415.  In January 2002, the court sentenced him on a separate driving while suspended charge (the first misdemeanor), but gave the defendant credit for time in custody on the violation warrant. *Id.*

Two years later, the defendant was again arrested for a parole violation.  After one month, the state court sentenced him on a separate charge of hindering a police officer (the second misdemeanor), giving the defendant credit for time already served on the parole violation. 531 F.3d at 415.  In both cases, the time already served exceeded the sentence imposed.

---

[3/]This five year federal sentence had been imposed on March 29, 2001.  [No. 1:00-cr-445, Doc. 447 & 448.]

Case No. 1:05-cr-529
Gwin, J.

Following an analogous Eleventh Circuit case,[4] the Sixth Circuit held that the defendant did not actually serve any time on the two misdemeanors. Instead, the court reasoned:

> [A] defendant who receives full credit for time served on an entirely separate conviction does not in fact "actually serve" any time for the offense in question . . . Imposing a prison sentence without requiring that any time be actually served, in other words, is empty rhetoric for the purposes of the federal Sentencing Guidelines.

*Id.* at 419. Accordingly, the court held that the defendant's two misdemeanor convictions should not be counted in calculating his criminal history points. *Id.* at 420.

In this case, although the Defendant's legal argument has some merit, the facts simply do not support his conclusion. As of his February 1, 2002, state court sentencing, the Defendant had served ten months and three days of his federal sentence. Thus, even if the state court did give him credit for time served since March 29, 2001, as the Defendant contends, he still had nearly two months to serve on the one-year state sentences.[5]

Because the Defendant therefore served "at least one day" of the two misdemeanor sentences, those convictions were properly included in calculating his criminal history. *United States v. Murphy*, 241 F.3d 447, 459 (6th Cir. 2001) ("If, however, Defendant served at least one day of the four-month imprisonment term, then the district court did not err [by assessing two points for each conviction under § 4A1.1].").

---

[4] *United States v. Butler*, 229 F.3d 1077 (11th Cir. 2000) (holding that sentences that were accrued concurrent with previously-served federal sentence could not be counted in calculating criminal history under U.S.S.G. § 4A1.1(a)).

[5] The Defendant seems to contend that he did not begin serving time on the misdemeanors until he was "back in federal custody." [Doc. 81 at 4.] Regardless of the legal correctness of this assertion, the state court record shows that he left state custody on February 21, 2002. Thus, he was in federal custody for at least one month on each misdemeanor sentence—far exceeding the "one day" required by the Sixth Circuit.

Case No. 1:05-cr-529
Gwin, J.

### III. Conclusion

For the foregoing reasons, this Court **DENIES** the Defendants' motion for the writ.

IT IS SO ORDERED.


Dated: December 7, 2009                                s/      *James S. Gwin*
                                                       JAMES S. GWIN
                                                       UNITED STATES DISTRICT JUDGE